UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| KEVIN DEWIGHT HONESTY, | ) | |
| | ) | |
| Petitioner, | ) | No. 7:22-CV-085-REW |
| | ) | |
| V. | ) | |
| | ) | |
| HECTOR JOYNER, Warden, | ) | OPINION & ORDER |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Kevin Honesty is serving a 276-month term of imprisonment for armed bank robbery and carrying, brandishing, and possessing a firearm during and in relation to a crime of violence. *See United States v. Honesty*, No. 1:02-CR-545, 2024 WL 3555306 (D. Md. July 24, 2024).[1] In September 2021, while housed at FCI Edgefield in South Carolina, Honesty was disciplined for possessing amphetamines and a weapon in his cell. His sanctions included disallowance of good time credit, a period of disciplinary segregation, and temporary loss of visiting and commissary privileges. Honesty subsequently was transferred to USP Big Sandy in Inez, Kentucky and, on August 22, 2022, he filed a *pro se* petition under 28 U.S.C. § 2241 challenging the imposition of disciplinary sanctions against him. *See* DE 1 (Petition).

Honesty argues that he should not have been punished for possessing amphetamines because the substance was found in a common area within his shared cell and because his cellmate accepted responsibility for the substance. *See id.* at 5. He also contends that Respondent violated

---

[1] Honesty was sentenced to 300 months' imprisonment on October 19, 2006, but received a sentence reduction pursuant to the First Step Act on July 24, 2024. He also was sentenced to a consecutive 60-month term of imprisonment for possessing and carrying a firearm during the commission of a crime of violence in violation of District of Columbia Code § 22-4504(b). *See United States v. Honesty*, No. 1:07-CR-155 (D.D.C. Sept. 26. 2007).

1

his right to due process by testing the substance with an unapproved field test rather than sending it to an approved toxicology laboratory. *See id.* Based on these claims, he seeks expungement of the disciplinary reports and transfer back to a Federal Correctional Institution. *See id.* at 8.

Warden Hector Joyner filed a response opposing Honesty's petition, *see* DE 8 (Response), and provided an affidavit from FCI Edgefield Discipline Hearing Officer Charles Nevils, *see* DE 8-1 (Affidavit). Nevils reports that on September 4, 2021, at approximately 9:45 a.m., Case Manager J. Ready located pieces of paper containing an unknown substance in Honesty's cell locker. *See* DE 8-1 at 2–3. The paper subsequently tested positive for the presence of amphetamines using two different test kits (NIK Test Kit A and NIK Test Kit U). *See id.* at 3. Honesty promptly was provided with a copy of the Incident Report charging him with Offense Code 113, Possessing Drugs/Alcohol. *Id.*

Ready continued searching the cell after Honesty and his cellmate were sent to the Special Housing Unit. *See id.* at 4. Ready located a clear, hard piece of plastic that was approximately 7.5 inches long and had been sharpened to a point. *Id.* The item was found inside a boot located on the floor underneath the bottom bunk. *Id.* At approximately 9:05 p.m. on September 4, 2021, Honesty was provided with a copy of the Incident Report charging him with Offense Code 104, Possessing a Dangerous Weapon. *Id.*

A Unit Disciplinary Committee Hearing was conducted on September 10, 2021. *See id.* at 3, 5. Honesty made no comments and, based on the events as described in the Incident Reports, the matters were referred to the DHO. *See id.* Honesty was advised of his rights before the DHO and acknowledged receiving his *Inmate Rights at Discipline Hearing* and *Notice of Discipline Hearing Before the DHO* forms. *See id.* Honesty did not wish to have a staff representative and/or a witness appear at the hearing. *Id.*

A DHO hearing was held at FCI Edgefield on September 13, 2021. *See id.* The DHO reviewed the documentary evidence, including the Incident Reports, memoranda, and photographs. *Id.* at 4, 5. The DHO ultimately concluded that Honesty committed the prohibited acts of Possession of Drugs and Possession of a Weapon. The DHO sanctioned Honesty to 41 days disallowance of good time credit, 30 days of disciplinary segregation, and a 120-day loss of visiting and commissary access. *See id.* The DHO provided the reasons for the sanctions and advised Honesty of his right to appeal under the Administrative Remedy Program. *See id.* at 29–30; 44–45 (DHO Reports). A DHO Report was prepared on September 13, 2021, and a copy was delivered to Honesty on October 15, 2021. *See id.* at 30, 45. Honesty pursued administrative relief, which was denied. *See id.* at 77 (Administrative Relief Remedy).[2] Here, Honesty did not file a reply brief following submission of the Warden's response in opposition to his § 2241 petition.

The Court notes as an initial matter that a § 2241 petition cannot be used to challenge the BOP's decision to transfer an inmate to another institution. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Owen v. Sepanek*, No. 14-CV-158, 2014 WL 6610169, at *3 (E.D. Ky. Nov. 19, 2014) (observing that "challenges to a prisoner's classification or place of confinement . . . are 'conditions of confinement' claims" and are not cognizable under § 2241) (collecting cases). Thus, the Court considers Honesty's challenges to the procedures utilized during his disciplinary proceedings and the evidence relied upon to find him guilty.

---

[2] Although proper exhaustion of administrative remedies generally is a prerequisite to obtaining relief under 28 U.S.C. § 2241, exhaustion is not a jurisdictional limitation on the Court's authority to entertain a habeas corpus petition. *See Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). It does not appear that Honesty strictly complied with all deadlines of the BOP's Administrative Remedy Program, but the Respondent does not allege that Honesty failed to adequately exhaust his administrative remedies. Accordingly, the Court considers the merits of Honesty's § 2241 petition. *See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 235–36 (6th Cir. 2006) (recognizing that the administrative exhaustion requirement may be waived or excused in limited circumstances).

3

The due process to which prisoners are entitled during the prison disciplinary process is set forth in 28 C.F.R. §§ 541.1–541.8 and in *Wolff v. McDonnell*, 94 S. Ct. 2963 (1974). Where, as here, a prison disciplinary hearing may result in the loss of good time credits, due process requires that the inmate receive written notice of the charges at least 24 hours in advance of the disciplinary hearing; a written statement by the factfinder regarding the evidence relied upon and the reasons for the disciplinary action; an opportunity to call witnesses and present documentary evidence when doing so would not be unduly hazardous to institutional safety or correctional goals; and the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. *See Wolff*, 94 S. Ct. at 2979–82.

Honesty has not alleged any facts suggesting that the officials at FCI Edgefield failed to comply with these procedures. Instead, he suggests that the reasons offered to justify the imposition of sanctions are not supported by "some evidence" in the record as required by *Superintendent v. Hill*, 105 S. Ct. 2768 (1985). In *Hill*, the Supreme Court explained that the relevant question under this standard "is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 2774. The *Hill* standard is a lenient one, requiring only a "modicum of evidence" to support the outcome, and is met if the record contains *any* evidence that could support the DHO's decision. *See id.*

With respect to Honesty's sanction for possessing drugs, the DHO Report indicates that Honesty admitted to possessing the drugs and "stated the report is true." *See* DE 8-1 at 29 (DHO Report). Honesty now alleges that "staff wrote a false report in violation of 18 [U.S.C.] § 1001 and knew it was false, as a means to effect a manufactured transfer." [3] DE 1 at 4. But regardless

---

[3] Honesty argued during his administrative appeal that he did not admit guilt concerning possession of drugs and that the weapon was planted in his cell. *See* DE 8-1 at 78, 85. He does not raise any specific arguments concerning the weapon or planted evidence in his § 2241 petition.

4

of Honesty's inculpatory statements, all occupants of a cell have a duty to keep the entire cell free of contraband. *See* BOP Program Statement 5270.09, App'x C. Accordingly, courts "have uniformly held that the discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell[.]" *Horton v. Hemingway*, No. 21-1388, 2021 WL 5183547, at *2 (6th Cir. Nov. 8, 2021) (alteration in original) (quoting *Denny v. Shultz*, 708 F.3d 140, 145 (3d Cir. 2013)). Thus, the discovery of paper containing amphetamines inside Honesty's cell provides a sufficient evidentiary basis to support the DHO's decision.

Honesty also contends, without any evidentiary support, that the two NIK testing units were unreliable. *See* DE 1 at 5. But as the petitioner seeking relief in a habeas proceeding, it is his burden to come forward with evidence showing that the NIK tests were unreliable such that they offer essentially no evidence that amphetamines were present in the papers tested. The Sixth Circuit has recognized that "a test which produce[s] frequent incorrect results could fail to constitute 'some evidence' under the *Hill* standard." *Higgs v. Bland*, 888 F.2d 443, 449 (6th Cir. 1989). But Honesty's argument is based on mere speculation and, therefore, is insufficient to support his claim for relief under § 2241. *See Baltazar v. Barnhart*, No. 6:19-cv-105, 2019 WL 13414560, at *2 (E.D. Ky. Oct. 17, 2019) (observing that "[t]he NIK test, while perhaps not as perfect as a test conducted in a laboratory setting, is considered generally reliable" (citation omitted)).

Finally, Honesty asserts that the BOP's disciplinary "rules and regulations are unconstitutional as-applied to the 'old law inmates[.]'" DE 1 at 4. Aside from the issues already discussed, Honesty does not elaborate on this point. And as this Court has recognized, the procedures set forth in 28 C.F.R. §§ 541.1 *et seq.* are consistent with the minimum procedural

protections required by *Wolff*, which was decided in 1974. *See, e.g.*, *Parks v. Anderson*, No. 6:10-355, 2014 WL 4854570, at *51 (E.D. Ky. Sept. 29, 2014). Accordingly, this claim is without merit.

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1. Honesty's petition for a writ of habeas corpus (DE 1) is **DENIED**.

2. The Clerk shall dismiss this matter and strike it from the Court's active docket.

3. The Court will enter a corresponding judgment on this date.

This the 15th day of October, 2024.

Signed By:
**Robert E. Wier**
United States District Judge